IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ROBERT HERRON,**

        **Plaintiff,**

v.                                              Case 2:18-cv-02862-JTF-cgc

**MEGAN J. BRENNAN,**
Postmaster General,

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

---

Before the Court is Defendant Meghan J. Brennan, Postmaster General's, Motion to Dismiss for Lack of Personal Jurisdiction or, in the alternative, to Transfer Venue. (Docket Entry ("D.E.") #11). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion be DENIED.

### I. Introduction

On December 18, 2018, Plaintiff Robert Herron filed a *pro se* Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). Plaintiff alleges that he resides in Shelby County, Tennessee and that Defendant resides, or its business is located, in St. Louis, Missouri. Plaintiff alleges that he was employed at a United States Postal Service ("USPS") location in Holly Springs, Mississippi. He alleges that he was

subjected to unequal terms and conditions of his employment on the basis of gender (Male), color (Black), and race (African American) and that he suffered unlawful retaliation. Plaintiff alleges that the discriminatory acts occurred on May 13, 2015 and that Defendant is no longer committing these acts against him.

On May 1, 2019, Defendant filed the instant motion advancing two arguments. First, Defendant asserts that "[t]his Court lacks personal jurisdiction over claims brought by a Tennessee resident for conduct of the Defendant alleged by Plaintiff that all took place in the Northern District of Mississippi." Second, Defendant avers that, "[f]or the same reasons[,] venue is improper here." Thus, Defendant argues that Plaintiff's Complaint should either be dismissed or transferred to the United States District Court for the Northern District of Mississippi.

On May 30, 2019, Plaintiff filed a *pro se* Response to Defendant's Motion asserting that this Court may exercise jurisdiction over his claim and that his case should be tried in this Court. Plaintiff further requests that, in the event that this Court does not have jurisdiction over his Complaint or that this Court is not the appropriate venue, his Complaint be transferred to another United States District Court rather than be dismissed.

## II.  Proposed Analysis

### A.  *Personal Jurisdiction*

For this Court to exercise personal jurisdiction over Plaintiff's Title VII claim, it must find that either general or specific personal jurisdiction exists. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.,* 137 S. Ct. 1773, 1780 (2017).

General jurisdiction exists when a defendant's "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant *even if the action is unrelated to the defendant's contacts with the state*." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (citing *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002)) (emphasis added).

Specific personal jurisdiction is derived from the case or controversy that establishes subject matter jurisdiction. *Bristol-Myers Squibb*, 137 S. Ct. at 1780. "An exercise of personal jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state." *Intera Corp.*, 428 F.3d at 615 (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)). In *Southern Machine Company v. Mohasco Industries, Inc.*, the United States Court of Appeals for the Sixth Circuit promulgated a three-prong test that guides the determination of whether specific jurisdiction exists. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). The *Southern Machine* test provides as follows:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id*.

Upon review, Defendant relies upon the *Southern Machine* factors for her position that personal jurisdiction does not exist; however, her position only considers half of the question, namely, whether *specific* personal jurisdiction exists. However, upon considering the question of general personal jurisdiction, the Court recommends that USPS maintains continuous and systematic contacts with the State of Tennessee, as it operates the postal service throughout the

state. Thus, Plaintiff's claim need not arise from Defendant's activities here—the continuous and systematic contacts alone are enough for general personal jurisdiction to exist. Accordingly, it is RECOMMENDED that this Court may exercise personal jurisdiction over Defendant and that Defendant's Motion to Dismiss be DENIED.

### *B. Venue*

Venue in the United States District Courts is governed by 28 U.S.C § 1391, which provides as follows with respect to suits against the United States, agencies thereof, and its officers and employees:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides; (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

With respect to the first factor, courts have historically held that "[t]he Postmaster General, in [her] official capacity, is an inhabitant of Washington D.C." *See e.g.*, *Scientific Mfg. Co., et al. v. Walker*, 40 F. Supp. 465, 467 (M.D. Penn. 1941); *Smith v. Farley*, 38 F. Supp. 1012, 1014 (S.D.N.Y. 1936). With respect to the second factor, Plaintiff does not allege that any real property is involved in this action but does allege that the events giving rise to the claim took place in Holly Springs, Mississippi. With respect to the third factor, Plaintiff does not allege that any real property is involved in this action but does allege that he resides in Memphis, Tennessee.

Plaintiff's residence in this District, thus, necessitates the conclusion that this Court is one of the possible districts where venue lies. That venue would also be appropriate in the Northern District of Mississippi is inconsequential as there may be more than one proper venue for any particular action. *See Overland Inc. v. Taylor*, 79 F. Supp. 2d 809, 810 (E.D. Mich. 2000). Further, it is unnecessary to determine which District has more substantial ties to this action as "the question is not which district is the best venue or which venue has the most significant connection to the claim. The question is whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *See, e.g. Exelon Generation Co. v. Grumbles*, 380 F. Supp. 3d 1, 11 (D.D.C. 2019) (citations and internal quotation marks omitted); *see also City of New York v. Cyco.Net, Inc.*, 383 F. Supp. 2d 526, 543 (S.D.N.Y. 2005) (reasoning that venue may be proper even if a greater proportion of events took place elsewhere). Accordingly, it is RECOMMENDED that venue is proper in this Court and that Defendant's request that this case either be dismissed or transferred for improper venue be DENIED.

### III.   Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss for Lack of Jurisdiction or, in the alternative, to Transfer Venue be DENIED.

Signed this 12th day of September, 2019

             s/ Charmiane G. Claxton
             CHARMIANE G. CLAXTON
             UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**