# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROBERT HERRON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. 2:18-cv-02862-JTF-cgc |
| | ) |
| MEGAN BRENNAN, | ) |
| Postmaster General, | ) |
| | ) |
|     Defendants. | ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S OBJECTION TO THE REPORT AND RECOMMENDATION

Before the Court is Defendant Postmaster General of the United States Postal Service, Megan Brennan's Motion to Dismiss, which was filed on May 1, 2019. (ECF No. 11.) Pursuant to Administrative Order 2013-05, this case, including Defendant's Motion, was referred to the Magistrate Judge for management of all pretrial matters. Plaintiff Robert Herron filed a response to Defendant's Motion on May 30, 2019. (ECF No. 16.) The Magistrate Judge entered a Report and Recommendation on September 12, 2019, suggesting that this Court deny Defendant's Motion to Dismiss. (ECF No. 17.) Defendant filed an objection to the Report and Recommendation on September 27, 2019. (ECF No. 18.) Plaintiff did not file any objections or a response to Defendant's objection.

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be ADOPTED and Defendant's Motion to Dismiss DENIED.

## FINDINGS OF FACT

In her Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 17, 1–2.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v.*

*Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district court is not required to review any aspect of a magistrate judge's report and recommendation that is not objected to by either party, *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472, 88 L. Ed. 435 (1985), and a district judge should adopt the findings and rulings of a magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## **ANALYSIS**

Plaintiff alleges that while employed at the Ida B. Wells United States Post Office in Holly Springs, Mississippi, he was subject to unequal terms and conditions of employment on the basis of color (Black), race (African American), and gender (Male), and that he was subject to unlawful retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). (ECF No. 1.) Specifically, Plaintiff claims that Defendant gave another employee the opportunity to obtain additional work hours but did not give Plaintiff those same opportunities because of his race, color, and gender. (*Id*.) Plaintiff also alleges that he suffered relation because of his involvement in a prior union grievance. (*Id*.)

A. Jurisdiction & Venue

As an initial matter, Defendant did not object to the Magistrate Judge's recommendations regarding jurisdiction or venue. Thus, it is unnecessary to review those portions of the report. *Arn*, 474 U.S. at 150. However, the Court observes that, in her Motion, Defendant offers two reasons why this case should be dismissed. First, Defendant argues that none of the conduct or acts alleged by Plaintiff took place in Tennessee. (ECF No. 11-1, 2.) Defendant then asserts that it is "unreasonable" for the Court to exercise jurisdiction over this case when the alleged conduct arose in the Northern District of Mississippi. (*Id*. at 1, 3.) Defendant's second argument is similar to

her first: since no alleged acts or conduct arose in Tennessee, the case should be dismissed for improper venue. (*Id*. at 3.)

Here, the Magistrate Judge concluded that this Court has personal jurisdiction over Defendants because USPS maintains postal service operations throughout the state of Tennessee. Thus, because USPS has continuous and systematic contact with the State of Tennessee, general jurisdiction is established. (ECF No. 17, 3-4) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (holding that "[g]eneral jurisdiction exists when a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state") (internal quotations and citation omitted)). Additionally, the Magistrate Judge concluded that the Western District of Tennessee is a proper venue for this case because the Plaintiff resides here. (citing 28 U.S.C. § 1391(e)(1)(C)).

For these reasons, the Court agrees with and adopts the Magistrate Judge's conclusion that this Court has jurisdiction over Plaintiff's claim and is a proper venue for its adjudication. As a result, Defendants' Motion to Dismiss on these bases, should be denied.

B. Transfer

Again, as an initial matter, it appears that Defendant asks this Court to construe her objection to the Magistrate Judge's report as a motion to transfer or a motion for a change of venue, pursuant to 28 U.S.C. § 1404(a). In the Motion to Dismiss, Defendant argued that this Court lacked jurisdiction and that venue was not proper in West Tennessee. Defendant asked the Court to dismiss the complaint or, in the interest of justice, transfer the case to the Northern District of Mississippi, pursuant to 28 U.S.C. § 1406(a). There was no mention in the Motion to Dismiss of a change of venue or transfer pursuant to 28 U.S.C. § 1404(a). Defendant did not object to the

4

Magistrate Judge's recommendation that this Court has jurisdiction to hear the case, and that venue is proper here in West Tennessee. Defendant now argues that even if the Court exercises jurisdiction over Plaintiff's claim, the case should be transferred to the Northern District of Mississippi because "'a substantial part of the events or omissions giving rise to the claim' did not occur in Tennessee." (ECF No. 11-1, 3) (quoting 28 U.S.C. § 1391(b)(2)). The Magistrate concluded that venue is proper in Tennessee because Plaintiff resides here and therefore, recommended that this Court deny Defendant's request to transfer the case. (*Id.*) Defendant objected to this recommendation, arguing that the Court should exercise its discretion and transfer the case in the interest of justice. (ECF No. 18, 4.)

Defendant is an employee of the United States Postal Service. The issue of venue in any civil suit brought against an officer or employee of the United States is governed by 28 U.S.C. § 1391(e)(1). The statute provides in relevant part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

As the Magistrate Judge concluded, the first and second factors of § 1391 are not what establish this District as a proper forum for Plaintiff's claim. (ECF No. 17, 4.) The first factor would allow Plaintiff to file suit in Washington, D.C. because that is where Defendant, in her official capacity as Postmaster General, is considered to reside. *See e.g., Hunter v. United States*, 183 F.2d 446, 447 (4th Cir. 1950); *Smith v. Farley*, 38 F. Supp. 1012, 1014 (S.D.N.Y. 1936). Likewise, the second factor does not establish this District as a proper forum because Plaintiff does

not allege that the events or omissions giving rise to his claim occurred here, nor that any real property is involved. However, Plaintiff does allege that he is a resident of Memphis, Tennessee, which establishes this District as a proper forum under the third factor in § 1391(e).

Although Defendant did not object to the Magistrate's conclusion that this District is a proper venue, she argues that the case should be transferred because a "substantial part" of the alleged conduct did not occur in Tennessee. (ECF No. 18, 3.) The Court disagrees. First, the "substantial part" language relied on by Defendant is a category for determining whether venue is proper under § 1391, but it is not a factor for the court to consider before transferring a claim under § 1404 or § 1406. Second, Defendant elevates the second factor of § 1391—where "a substantial part of the events or omissions giving rise to the claim occurred"—above the other § 1391 factors. Defendant is correct, a "substantial part" of the conduct Plaintiff alleged did not occur in this District. In fact, none of it did. The Magistrate Judge acknowledged this in her report. (ECF No. 17, 4.) However, this is not dispositive of the transfer issue.

District courts generally decide motions for transfer on a case-by-case basis, taking into account convenience and fairness to the parties. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244, 101 L. Ed. 2d 22 (1988). More specifically, 28 U.S.C. § 1404(a) states, "a district court *may* transfer" any civil action to any other district where venue is proper "[f]or the convenience of the parties and witnesses, [and] in the interest of justice" (emphasis added).

Defendant urges the Court to consider the nine-factor test set forth in *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)[1]. (ECF No. 18, 3.) Defendant argues that

---

[1] "The factors that guide a district court's discretion when deciding whether to transfer a case include, (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Overland, Inc.*, 79 F. Supp. 2d at 811 (quoting *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995)).

6

transferring Plaintiff's claim would be more convenient for the parties and witnesses, would serve to ensure witness attendance, would make relevant documents more accessible, would reduce costs, improve trial efficiency, and further the overall interest of justice. (*Id.*) However, the Sixth Circuit has held that "a determination of the balance of convenience between party litigants is within the sound discretion of the District Judge and that unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed." *Sun Oil Co. v. Lederle*, 199 F.2d 423, 424 (6th Cir. 1952) (citation omitted).

Here, Plaintiff resides in Memphis and filed this claim in his home District. Plaintiff alleges that the conduct giving rise to his claim occurred in Holly Springs, Mississippi—approximately fifty miles from Memphis and the border of West Tennessee. Given the proximity of this Court to the location where the alleged conduct occurred, as well as the relatively small number of parties and witnesses involved, the Court cannot conclude that the balance of convenience would strongly favor Defendant if this case was transferred to the Northern District of Mississippi, nor is a transfer required in the interest of justice. *Sun Oil Co.*, 199 F.2d at 424. Therefore, the Court will not disturb Plaintiff's choice of forum.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Defendant's Objections thereto, and **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED** on this 23rd day of October 2019.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge